UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE E. JONES, CDCR #BU-7712,<br><br>                            Plaintiff,<br>vs.<br><br>MONRO CAPITAL, INC.; 99 CENT STORES, LLC; MONRO-MISSION SQUARE, LLC; JOHN DOE; SAN DIEGO COUNTY SHERIFF DEP'T; OCEANSIDE POLICE DEP'T,<br><br>                           Defendants. | Case No.: 3:23-cv-1794-CAB-DEB<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Wayne E. Jones, proceeding pro se and currently incarcerated at Richard J. Donovan Correctional Facility (RJD") has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

**FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a failure to pay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, and even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Jones has not paid the $402 in filing and administrative fees required to commence a civil action in federal court, and has not requested leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## CONCLUSION

Accordingly, the Court: (1) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $402 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and (2) **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to re-open the case by: (a) paying the entire $402 civil filing and administrative fee in full; *or* (b) completing and filing a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2).

In light of Jones's incarceration, the Court further **DIRECTS** the Clerk of the Court to provide him with its approved form "Motion and Declaration in Support of Motion to

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Proceed *In Forma Pauperis*." If Jones fails to either prepay the $402 civil filing fee *or* complete and file the enclosed Motion to Proceed IFP with the Clerk within 45 days, however, his case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a) and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: October 6, 2023

Hon. Cathy Ann Bencivengo
United States District Judge